LYONS, Justice
(concurring in part in the rationale and dissenting from the judgment).
I agree with the main opinion’s discussion of the standard of review and its embrace of then Judge Murdock’s persuasive analysis of that issue in his opinion concurring in the result. However, I differ as to the appropriate relief.
The main opinion, as I understand it, returns the case to the Court of Civil Appeals for further consideration without the availability of reliance upon Madix, Inc. v. Champion, 927 So.2d 833 (Ala.Civ.App.2005), to the extent that the one-judge opinion below correctly concluded that it stands for the proposition that a judgment awarding benefits for a cumulative-stress disorder or a gradual deterioration cannot properly be affirmed when the testimony of the pertinent medical experts establishes no more than a possibility that the employee’s employment contributed to the employee’s injuries. I would reverse the judgment of the Court of Civil Appeals and remand the case with instructions to that court to affirm the judgment of the trial court. I agree with Judge Crawley’s dissenting opinion:
*780 “In this case, although Dr. Meyer, KGS’s authorized physician, determined that Mclnish’s condition was not related to his employment, Dr. Kelsey stated that Mclnish’s neck problems were ‘consistent with’ the cumulative trauma described by Mclnish. In addition, Mclnish’s physique had drastically changed from when he started working for KGS to the time of trial, and testimony indicated that the onset of Mclnish’s symptoms of his condition occurred during his employment with KGS, where he was subjected to violent vibrations. The resolution of conflicting evidence as to medical causation is the province of the trial court, not the appellate courts, and based on the totality of the evidence the trial court could have reasonably found that Mclnish presented clear and convincing evidence indicating that his disability arose out of his employment.”
47 So.3d at 767.
I must therefore respectfully dissent from the judgment.
COBB, C.J., concurs.